JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 30 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 475

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE GLASSINE AND GREASEPROOF PAPER ANTITRUST LITIGATION

TRANSFER ORDER

This litigation consists of six actions pending in two federal districts: five in the Eastern District of Pennsylvania and one in the Northern District of Illinois. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendants in the Illinois action, to transfer the Illinois action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions pending there.[1]

The Panel finds on the basis of the papers submitted[2] that the actions in this litigation raise common questions of fact and that centralization of all actions in the Eastern District of Pennsylvania under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All six actions share complex factual questions concerning allegations of a conspiracy, in violation of the Sherman Act, to fix, stabilize or maintain the prices of glassine and greaseproof paper. Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Pennsylvania is clearly the preferable transferee district. Five of the six actions before the Panel are already pending in the Eastern District of Pennsylvania, and those five actions are significantly advanced. In addition, related grand jury proceedings occurred in the Eastern District of Pennsylvania. The documents and transcripts of testimony on which the grand jury relied in returning its indictment are likely to be sought by the litigants in the actions presently before us, and those materials are located in the Eastern District of Pennsylvania.

---

[1] Two additional actions, Eastside Foods, Inc. v. Deerfield Specialty Papers, Inc., et al., E.D. Pennsylvania, C.A. No. 80-940, and Salsburg Meats, Inc. v. Deerfield Specialty Papers, Inc., et al., E.D. Pennsylvania, C.A. No. 80-960, were included in the motion for transfer in this litigation. These actions, however, were dismissed without prejudice by the Honorable Louis H. Pollak in September, 1980.

[2] The parties waived oral argument and accordingly the question of transfer of these actions under Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

-2-

Furthermore, the United States Supreme Court, in Douglas Oil Company v. Petrol Stops Northwest, 441 U. S. 211 (1979), has required, with respect to access to grand jury materials in related antitrust actions, coordination between the court presiding over the grand jury proceedings and the court presiding over the related antitrust actions. This coordination can more easily be accomplished by selecting as transferee district the same district in which the grand jury sat. See In re California Armored Car Antitrust Litigation, 476 F. Supp. 452, 454 (J.P.M.L. 1979).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Illinois be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A

MDL-475 -- In re Glassine and Greaseproof Paper Antitrust Litigation

Northern District of Illinois

General Packaging Products, Inc. v. Deerfield Specialty Papers, Inc., et al., C.A. No. 81C0247

Eastern District of Pennsylvania

Goldenberg Candy Co. v. Deerfield Specialty Papers, Inc., et al., C.A. No. 80-914

Commercial Card and Paper Co., Inc. v. Deerfield Specialty Papers, Inc., et al., C.A. No. 80-919

Anchor Paper Co., Inc. v. Deerfield Specialty Papers, Inc., et al., C.A. No. 80-1128

Ajax Paper Tube Co., Inc., etc. v. Deerfield Specialty Papers, Inc., et al., C.A. No. 80-1948

Goldenberg Candy Co., Inc. v. Weyerhaeuser Co., C.A. No. 80-3013